# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DARWIN SADID MARTINEZ,**

      **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

Case No:  6:19-cv-02379-ACC-DCI

## REPORT AND RECOMMENDATION

Darwin Sadid Martinez (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits.  Doc. 1.  Claimant raises several arguments challenging the Commissioner's final decision and requests that the decision be reversed and remanded to the Commissioner for further proceedings.  Doc. 21 at 13-16, 22-25, 27-29, 30.  For the reasons set forth below, it is respectfully **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED**.

### I.    The ALJ's Decision

On November 6, 2017, Claimant applied for disability insurance benefits alleging an onset date of October 19, 2016.  R. 105; 193-99.  The claim was denied initially and upon reconsideration.  R. 124-26; 130-35.  Claimant requested a hearing before an administrative law judge (ALJ); on August 7, 2019, the ALJ conducted the hearing.  R. 50-93; 136.  On September 27, 2019, the ALJ issued a decision finding Claimant not disabled.  R. 14-45.  In the decision, the ALJ found that Claimant had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; a left knee disorder; degenerative joint disease; carpal tunnel syndrome;

fibromyalgia; osteoarthritis of the feet; bilateral planta fasciitis; bilateral pes planus; migraine headaches; obesity; depression; and an anxiety disorder. R. 20. The ALJ found that Claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. R. 24.

The ALJ found that Claimant had a residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b) with some additional limitations.[1] Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with additional limitations. The claimant can lift or carry 20 pounds occasionally (up to one-third of the workday) and 10 pounds frequently (up to two-thirds of the workday), stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant can occasionally stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; should avoid exposure to hazards such as heights and machinery with moving parts; and, can frequently handle and finger with his bilateral upper extremities. Additionally, the claimant can perform simple and routine work (SVP level of 1 or 2); can have no production-rate-pace work; can have only occasional changes in a routine workplace setting; and can have occasional contact with coworkers, supervisors, and the general public.

R. 26. The ALJ posed a hypothetical question to the vocational expert (VE) related to the foregoing RFC determination, and the VE testified that Claimant was capable of performing as a bench assembler, a sorter and grader, and an odd piece checker, jobs that exist in the national economy. R. 87-89. The ALJ found that Claimant was capable of making a successful adjustment

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

to other work that exists in significant numbers in the national economy and concluded that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision. R. 41.

Claimant requested Appeals Council review of this decision (R. 190-92); the Appeals Council denied Claimant's request (R. 1-8). On December 18, 2019, Claimant filed a complaint requesting that the Court remand the case for further proceedings. Doc. 1 (the Complaint).

**II.   Standard of Review**

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or

substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. Discussion

Claimant raises three assignments of error, asserting in each assignment that the ALJ failed to apply to correct legal standards to the medical opinions of: 1) Dr. D. Michael Jervis and Dr. Katia Gugucheva; 2) Dr. Karl Isaacs; and 3) Dr. Purvi Ghandi. Doc. 21 at 13-16; 22-25; 27-29. Because the undersigned finds that the first assignment of error is dispositive of this case, the undersigned does not reach the remaining assignments of error.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179

(citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).[2]

Here, Claimant argues that the ALJ failed to mention, let alone weigh, the opinions of Dr. Jervis and Dr. Gugucheva. Doc. 21 at 13-16. Dr. Jervis completed an in-person examination and multiple Disability Benefits Questionnaires (R. 959-975, Dr. Jervis's Opinion) in which he opined to limitations more severe than those found in Claimant's RFC. *Compare* R. 26 *with* R. 959-75. Dr. Gugucheva completed a Disability Benefits Questionnaire (R. 931-942, Dr. Gugucheva's Opinion) in which she also opined to limitations more severe than those found in Claimant's RFC. *Compare* R. 36 *with* R. 931-42. Claimant notes, correctly, that the ALJ does not mention either of these opinions. Doc. 21 at 14. This lack of any reference to either Dr. Jervis's or Dr. Gugucheva's Opinion frustrates the undersigned's efforts to determine whether the ALJ even considered these opinions; further, the undersigned finds that the ALJ did not weigh either opinion—with no mention of either opinion there is thus no mention of "weight." The ALJ therefore failed to "state with particularity the weight given to different medical opinions and the reasons therefor" as required under *Winschel*. *See* 631 F.3d at 1179. Accordingly, the undersigned

---

[2] Because Claimant filed his claim on November 6, 2017, the relevant social security regulation regarding the evaluation of medical evidence is 20 C.F.R. § 404.1520c. *Compare* 20 C.F.R. § 404.1527 ("Evaluating opinion evidence for claims filed before March 27, 2017") with 20 C.F.R. § 404.1520c ("[C]laims filed on or after March 27, 2017"). However, because neither party cites the relevant regulation and because *Winschel* remains binding Eleventh Circuit precedent, the undersigned will consider this case under *Winschel*. Furthermore, Claimant alleges the ALJ failed to mention or weigh physicians' opinions at all, and such error is reversible under *Winschel,* 20 C.F.R. § 404.1520c, and 20 C.F.R. § 404.1527.

cannot "determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  Based on the foregoing, the undersigned finds that the ALJ erred in failing to apply the correct legal standard to the opinions of Dr. Jervis and Dr. Gugucheva and thus that the Commissioner's final decision is due to be reversed and remanded.

The Commissioner's argument to the contrary is unavailing.  The Commissioner argues, primarily, that "substantial evidence supports the ALJ's evaluation of the opinion evidence of record."  Doc. 21 at 18.  Specifically, the Commissioner argues that the Opinions were issued "as part of [Claimant's] application for VA disability benefits" and that the ALJ "specifically discussed the VA opinion evidence and found it unpersuasive…." *Id.*  (citing R. 34).

The ALJ discussed "VA opinion evidence" as follows:

> On November 20, 2017 and April 10, 2019, the record at the VA noted that the claimant had a 90% service connected disability rating, including, in pertinent part, for sleep apnea syndrome (50%), migraine headaches (30%), flat foot condition (30%), kidney stones (30%), limited arm motion (20%), tinnitus (10%), paralysis of median nerve (10%), paralysis of median nerve (10%) [sic], limited knee flexion (10%), and spine degenerative arthritis (10%). (Exhibits 7F/4 and 10F/292).

R. 34.  The ALJ went on to give the November 20, 2017 and April 10, 2019 records "not controlling weight" for various reasons.  *See id.*  Upon review, these records do not coincide with the dates of Dr. Jervis or Dr. Gugucheva's Opinions and are instead attributable to Dr. Leanne R. Savion (*see* R. 1143) and Dr. Nancy R. Zaki Aziz (*see* R. 1464).  Thus, this discussion by the ALJ does not address, or even mention, any opinion offered by Dr. Jervis or Dr. Gugucheva.  The Commissioner goes on to list examples of what the Commissioner apparently believes is substantial evidence supporting the ALJ's decision in finding "the VA opinion evidence, together with the [Dr. Jervis's and Dr. Gugucheva's Opinions], unpersuasive in evaluating [Claimant's] claim for disability." Doc. 21 at 20.  First, as previously discussed, the ALJ never articulated a finding as to the

persuasiveness of Dr. Jervis's or Dr. Gugucheva's Opinion and did not include either of those opinions "together" in his discussion of separate VA records from distinct time periods. Second, the undersigned will not consider the Commissioner's post-hoc arguments that the ALJ's allegedly discounting Dr. Jervis's and Dr. Gugucheva's Opinions—opinions the ALJ does not even mention—is supported by substantial evidence. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted). Accordingly, Claimant's argument is well-taken.

Since this issue is dispositive, the undersigned finds that there is no need to address Claimant's remaining arguments. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV.     CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner; and
2. Direct the Clerk to enter judgment in favor of Claimant and against the Commissioner and close the case.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 3, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy